Scott, J.
By the agreement of the parties, under which the note sued upon, in the original action, was executed, it was intended to provide for the payment of interest on the sum loaned at the rate of nearly twenty per cent, per annum, foi the period of four months; and that the aggregate sum compounded of the money loaned and this usurious interest, should thereafter bear interest at the rate of ten per cent, per annum.
The statute in force at the date of this transaction, did not permit parties to contract for the payment of interest at a rate exceeding ten per cent, per annum.
It would have been entirely competent for them to contract for the payment of interest on the sum loaned, without designating the rate, in which event the lender would be entitled to the statutory rate of six per cent, per annum, and no more. Or by special contract, evidenced as the statute requires, they might have fixed upon any different rate ■ of interest not exceeding ten per cent, per annum. But the special contract in this case required the payment of interest at a rate higher than this, during the whole time that the loan should be retained by the borrower.
So far, therefore, as the contract purported to prescribe a special rate of interest, it was in violation of the statute, and wholly void. It needs no argument to prove that a contract to pay ten per cent, on a sum greater than the indebtedness arising from the loan, is, in substance and effect, a contract to pay more than ten per cent, interest on the real principal.
It follows, therefore, that in the absence of any valid contract for a special rate of interest, the plaintiffs below were entitled to recover interest on their loan, only at the statutory rate of six per cent.
This conclusion is not only warranted by the logic of the case, but is required by the policy of the statute, which was not intended to hold out inducements to usurious contracts, by securing to the usurer, at all events, the highest rate of interest which he could have legally obtained by special contract.
*43 The judgment of the district court will therefore be reversed ; and, proceeding to render the judgment which that court should have rendered, the judgment of the court of, common pleas will be reversed, and judgment entered for the plaintiffs below, for the amount actually loaned, with interest thereon from the date of the note, at the rate of six per cent, per annum.
Brinkerhoee, C.J., and Ranney, Wilder and White, JJ., concurred.